UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

VINCE'S CRAB HOUSE, INC., *et al.*,          *

                    Plaintiffs,         *

     v.

                              *     Civil Action No.: _____

JOHN OLSZEWSKI, JR., *et al.*,

                            *

               Defendants.

                            *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF REMOVAL

Defendants, Baltimore County, Maryland, County Executive John Olszewski, Jr. and Chief of Police, Melissa Hyatt, (collectively "Removing Parties") by their undersigned counsel, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, 28 U.S.C. § 1446 and Local Rule 103.5, file this Notice removing this action from the Circuit Court for Baltimore County to this Court, and state:

1. The above captioned action was filed in the Circuit Court for Baltimore County as case number C-03-CV-20-002735, and is presently pending in that court.

2. Process, including a summons and complaint, was served on the Removing Parties on or about July 14, 2020.

3. The complaint identifies County Executive John Olszewski, Jr. and Chief of Police, Melissa Hyatt, as being sued in their official capacities.

4. In Count I of the complaint, this civil action alleges a cause of action against the Removing Parties for the alleged failure to enforce the public safety laws for Baltimore County.

5. On July 22, 2020, counsel for the Removing Parties wrote counsel for Plaintiffs seeking clarification as to whether the complaint was purporting to state a cause of action under

federal law, as Maryland law does not recognize the dichotomy between individual capacity claims and official capacity claims.  The July 22, 2020 letter is attached as **Exhibit A** to this petition.

6.       In response, counsel for Plaintiffs confirmed, in a letter dated July 27, 2020, that they are asserting a cause of action under 42 U.S.C. § 1983 ("§ 1983") under Count I of the Complaint against the Removing Parties for a purported violation their civil rights under the United States Constitution and under the Maryland Declaration of Rights.  The July 27, 2020 letter is attached to this petition as **Exhibit B.[1]**

7.       This Court has original jurisdiction over Plaintiffs' § 1983 claim pursuant to 28 U.S.C. § 1331, because Plaintiffs' case involves a federal question, *i.e.*, whether the Responding Parties violated their civil rights under the Constitution of the United States.

8.       This Court has also supplemental or pendent jurisdiction over the remaining state law claim(s) against the Removing Parties in Count I pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367.

9.       The federal and state law claims asserted against the Removing Parties are based on a common nucleus of operative fact because all of the claims are based on the legal theory that

---

[1] The Removing Parties anticipate that Plaintiffs will object to the attachment of their July 27, 2020 letter to this petition on the grounds that they sent the letter as an offer of compromise under Fed. R. Evid. 408(a)(2)(2020).  *See id.*  (Generally prohibiting statements about a claim during compromise negotiations to prove or disprove the validity or amount of a disputed claim).  Plaintiffs' objections are without merit for a two reasons.  First, their July 27, 2020 letter was not made during compromise negotiations between the parties, but instead, was in response to the Removing Parties' demand: (1) for clarification on whether Plaintiffs were stating a federal cause of action in the complaint; and (2) for Plaintiffs to withdraw the complaint because it was not grounded in law or fact.  *Cf.*  Ex. A and Ex. B.

Second, the Responding Parties are not offering the letter to disprove liability.  Rather, the letter is being offered to show why removal to this Court is appropriate, *i.e.*, this Court has original jurisdiction over any federal claim in Plaintiffs' complaint.  *See* Fed. R. Evid. 408(b) (giving the trial court discretion to admit offers of compromise for purposes other than proving or disproving liability); *see also Bituminous Const. Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 968 (4th Cir. 1987) ("Rule 408 requires exclusion of evidence concerning offers to compromise or settle disputed claims, but only if the evidence is offered to prove either liability for or invalidity of a claim or its amount.").

In short, the Responding Parties should not be made to guess whether Plaintiffs are seeking to state a federal cause of action in the complaint.  It is for these reasons why the Responding Parties sought clarification from Plaintiffs on the nature of their cause of faction.  Plaintiffs responded in the affirmative.

the Removing Parties purportedly failed to protect Plaintiffs from protesters by their alleged failure to enforce the public safety laws of Baltimore County. These claims also rely on the same sequence of events.

10.     No novel or complex issues of state constitutional law are presented in Count I which allege violations of Article 24 and 26 of the Maryland Declaration of Rights. The Maryland constitutional claims are interpreted as in *pari materia* with the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (which apparently is the basis Plaintiffs' federal cause of action).

11.     For these reasons, the Removing Parties are entitled to remove this action from the Circuit Court for Baltimore County to this Court pursuant to 28 U.S.C. § 1446(a).

12.     The Removing Parties include all named Defendants to this action and they all consent to this Notice of Removal.

13.     Filed with this Notice of Removal, attached hereto as **Exhibit C**, are true and legible copies of all process, pleadings, documents and orders, which have been served on the Removing Parties in accordance with Local Rule 103.5.

14.     A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the Circuit Court for Baltimore County and served on Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).   A copy (without attachments) of this Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit D**.

15.     Pursuant to Local Rule 103.5(a), the Removing Party will file true and legible copies of all other documents then on file in the Circuit Court for Baltimore County in this case

with a certification from counsel that all filings in the state court action have been filed in this

Court, within thirty (30) days of the filing of this Notice.

WHEREFORE, Defendants, Baltimore County, Maryland, County Executive John

Olszewski, Jr. and Chief of Police, Melissa Hyatt, respectfully request this Notice of Removal be

accepted and that the Circuit Court for Baltimore County action be removed to the United States

District Court for the District of Maryland.

Respectfully Submitted,

**JAMES R. BENJAMIN, JR.**
Baltimore County Attorney

_____/s/_____
Glenn T. Marrow
Deputy County Attorney
Federal Bar No.: 23731
Email: gmarrow@baltimorecountymd.gov

_____/s/_____
Dorrell A. Brooks
Assistant County Attorney
Federal Bar No.: 27058
Email: dbrooks1@baltimorecountymd.gov

_____/s/_____
Alexa E. Ackerman
Assistant County Attorney
Federal Bar No.: 19943
Email: aackerman@baltimoreountymd.gov

Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, Maryland 21204
Telephone: (410) 887-4420
Facsimile: (410) 296-0931
*Counsel for Defendants, Baltimore County*
*Maryland, County Executive John Olszewski, Jr.*
*and Chief of Police, Melissa Hyatt*

4

**<u>CERTIFICATE OF SERVICE</u>**

       I HEREBY CERTIFY that on this 30th day of July 2020, a copy of the foregoing Notice of Removal, was mailed, first class postage prepaid to:


Wayne C. Markey
Linda M. Brown
Law Offices of Linda M. Brown
14405 Laurel Place, Suite 316
Laurel, Maryland 20707
*Attorneys for Plaintiff*




                           _____/s/_____
                           Alexa E. Ackerman