E-FILED; Baltimore County Circuit Court
Docket: 7/10/2020 4:54 PM; Submission: 7/10/2020 4:54 PM

IN THE CIRCUIT COURT FOR Baltimore County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF   ☐DEFENDANT      CASE NUMBER C-03-CV-20-002735
(Clerk's to insert)

CASE NAME: Vince's Crab House, Inc.            vs.   Mr. John A. Olszewski Et. Al.
          Plaintiff                                  Defendant

PARTY'S NAME: Vince's Crab House Inc.                    PHONE:

PARTY'S ADDRESS: 610 Compass Road Middle River Maryland 21220

PARTY'S E-MAIL: vincescrabhouse@yahoo.com

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Linda M. Brown Esquire    PHONE: 240-264-6087

PARTY'S ATTORNEY'S ADDRESS: 14405 Laurel Place Suite 316 Laurel, MD 20707

PARTY'S ATTORNEY'S E-MAIL: linda@lindabrownlawoffice.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:

ANTICIPATED LENGTH OF TRIAL?: _____ hours   5   days

### PLEADING TYPE

New Case: ☒Original      ☐Administrative Appeal   ☐Appeal
Existing Case: ☐Post-Judgment      ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐Asbestos
☐Assault and Battery
☐Business and Commercial
☐Conspiracy
☐Conversion
☐Defamation
☐False Arrest/Imprisonment
☐Fraud
☐Lead Paint - DOB of Youngest Plt:_____
☐Loss of Consortium
☐Malicious Prosecution
☐Malpractice-Medical
☐Malpractice-Professional
☐Misrepresentation
☐Motor Tort
☒Negligence
☒Nuisance
☐Premises Liability
☐Product Liability
☐Specific Performance
☐Toxic Tort
☐Trespass
☐Wrongful Death

**CONTRACT**
☐Asbestos
☐Breach
☐Business and Commercial
☐Confessed Judgment (Cont'd)
☐Construction
☐Debt
☐Fraud

☐Government
☐Insurance
☐Product Liability
**PROPERTY**
☐Adverse Possession
☐Breach of Lease
☐Detinue
☐Distress/Distrain
☐Ejectment
☐Forcible Entry/Detainer
☐Foreclosure
☐Commercial
☐Residential
☐Currency or Vehicle
☐Deed of Trust
☐Land Installments
☐Lien
☐Mortgage
☐Right of Redemption
☐Statement Condo
☐Forfeiture of Property / Personal Item
☐Fraudulent Conveyance
☐Landlord-Tenant
☐Lis Pendens
☐Mechanic's Lien
☐Ownership
☐Partition/Sale in Lieu
☐Quiet Title
☐Rent Escrow
☐Return of Seized Property
☐Right of Redemption
☐Tenant Holding Over

**PUBLIC LAW**
☐Attorney Grievance
☐Bond Forfeiture Remission
☐Civil Rights
☐County/Mncpl Code/Ord
☐Election Law
☐Eminent Domain/Condemn.
☐Environment
☐Error Coram Nobis
☐Habeas Corpus
☐Mandamus
☐Prisoner Rights
☐Public Info. Act Records
☐Quarantine/Isolation
☐Writ of Certiorari

**EMPLOYMENT**
☐ADA
☐Conspiracy
☐EEO/HR
☐FLSA
☐FMLA
☐Workers' Compensation
☐Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐Assumption of Jurisdiction
☐Authorized Sale
☐Attorney Appointment
☐Body Attachment Issuance
☐Commission Issuance

☐Constructive Trust
☐Contempt
☐Deposition Notice
☐Dist Ct Mtn Appeal
☐Financial
☐Grand Jury/Petit Jury
☐Miscellaneous
☐Perpetuate Testimony/Evidence
☐Prod. of Documents Req.
☐Receivership
☐Sentence Transfer
☐Set Aside Deed
☐Special Adm. - Atty
☐Subpoena Issue/Quash
☐Trust Established
☐Trustee Substitution/Removal
☐Witness Appearance-Compel

**PEACE ORDER**
☐Peace Order

**EQUITY**
☐Declaratory Judgment
☐Equitable Relief
☒Injunctive Relief
☐Mandamus

**OTHER**
☐Accounting
☐Friendly Suit
☐Grantor in Possession
☐Maryland Insurance Administration
☐Miscellaneous
☐Specific Transaction
☐Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

☐ Abatement
☐ Administrative Action
☐ Appointment of Receiver
☐ Arbitration
☐ Asset Determination
☐ Attachment b/f Judgment
☐ Cease & Desist Order
☐ Condemn Bldg
☐ Contempt
☒ Court Costs/Fees
☒ Damages-Compensatory
☐ Damages-Punitive

☐ Earnings Withholding
☐ Enrollment
☐ Expungement
☐ Findings of Fact
☐ Foreclosure
☒ Injunction
☐ Judgment-Affidavit
☐ Judgment-Attorney Fees
☐ Judgment-Confessed
☐ Judgment-Consent
☐ Judgment-Declaratory
☐ Judgment-Default

☐ Judgment-Interest
☐ Judgment-Summary
☒ Liability
☐ Oral Examination
☒ Order
☐ Ownership of Property
☐ Partition of Property
☐ Peace Order
☐ Possession
☐ Production of Records
☐ Quarantine/Isolation Order
☐ Reinstatement of Employment

☐ Return of Property
☐ Sale of Property
☐ Specific Performance
☐ Writ-Error Coram Nobis
☐ Writ-Execution
☐ Writ-Garnish Property
☐ Writ-Garnish Wages
☐ Writ-Habeas Corpus
☐ Writ-Mandamus
☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.   ☐Liability is not conceded, but is not seriously in dispute.   ☒Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000        ☐ $10,000 - $30,000        ☐ $30,000 - $100,000        ☒ Over $100,000

☐ Medical Bills $_____        ☐ Wage Loss $_____        ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒Yes   ☐No        C. Settlement Conference   ☒Yes   ☐No
B. Arbitration      ☒Yes   ☐No        D. Neutral Evaluation      ☐Yes   ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*        ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less              ☐ 3 days of trial time
☐ 1 day of trial time                   ☐ More than 3 days of trial time
☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☒ **Expedited**- Trial within 7 months of        ☐ **Standard** - Trial within 18 months of
Defendant's response                                 Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☒ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                                    Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☒ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

July 10, 2020
Date

14405 Laurel Place Suite 316
Address

Laurel                     MD          20707
City                       State       Zip Code

/s/Linda M. Brown
Signature of Counsel / Party

Linda M. Brown Esquire
Printed Name

E-FILED; Baltimore County Circuit Court
Docket: 7/10/2020 10:56 AM; Submission: 7/13/2020 10:56 AM

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| Vince's Crab House, Inc. <br> a Maryland corporation DBA Vince's Crab House and <br> Brenda L. Meyer, in her individual capacity and <br> Vincent T. Meyer, in his individual capacity <br> *PLAINTIFFS* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| vs | * <br> *     C-03-CV-20-002735 <br> *   CASE NO. _____ |
| Mr. John A. Olszewski, Jr. *in his official capacity as County Executive for Baltimore County, Maryland* <br> 400 Washington Avenue, Mailstop 2M01A <br> Historic Courthouse, Mezzanine Towson, Maryland 21204 | * <br> * <br> * <br> * <br> * <br> * <br> * |
| Ms. Melissa R. Hyatt *in her official capacity as Chief of Police for Baltimore County, Maryland* <br> Baltimore County Police Department <br> Public Safety Building, 700 East Joppa Road, Towson, Maryland 21286 | *    *Verified Complaint for Damages* <br> *    *Motion for Preliminary Injunction to* <br> *    *Baltimore County, Maryland to Enforce* <br> *    *the Public Safety Laws* <br> * <br> * <br> * |
| Baltimore County, Maryland <br> Serve on James R. Benjamin, Jr. <br> County Attorney <br> Baltimore County Government <br> 400 Washington Avenue <br> Towson, Maryland 21204 <br><br> *DEFENDANTS* | * <br> * <br> * <br> * <br> *   **EMERGENCY HEARING REQUESTED** <br> *   **JURY TRIAL DEMAND** <br> * <br> * <br> *   Wayne C. Markey, Esq. CFP 8612010335 <br> *   Linda M. Brown, Esq. CFP 8912180080 <br> *   Law Offices of Linda M. Brown <br> *   14405 Laurel Place Suite 316 <br> *   Laurel, MD 20707 <br> *   Tel: (240) 264-6087 <br> *   Attorneys for Vince's Crab House, Inc. <br> *   Vincent T. Meyer and Brenda L. Meyer <br> *   Dated: July 10, 2020 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Table of Contents

I.    Statement of the Case ................................................................ 4

II.   Parties ...................................................................................... 5

III.   Statement of Facts .................................................................... 7

IV.   Statement of Jurisdiction .......................................................... 8

V.    Questions Presented ................................................................. 9

VI.   Argument ................................................................................ 10

    A.   Legal Standards for the Complaint. ..................................... 10

    1.   Motion to Dismiss ............................................................... 10

    2.   Preliminary Injunction ......................................................... 10

    B.   Count I—Argument--The Injunction Should Be Issued and the
    Compensatory Damages Paid to Plaintiffs. --Protestors Threatening Public
    Safety and the County's Failure to Enforce the Public Safety Laws.............. 11

VII.  Conclusion ............................................................................... 15

VIII. Prayer for Relief ........................................................................ 16

Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011)..................................................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)................................................10

Chaplinsky v. New Hampshire (315 U.S. 568) ............................................................11

*Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008))....................................................11

Maages Auditorium v. Prince George's Cty., Md., 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), aff'd, 681 F. App'x 256 (4th Cir. 2017); see Fed. R. Civ. P. 65. ................11

*Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006))..........................................................10

***Schenck v. U.S.*** (249 U.S. 47) .................................................................................11

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, (2008)...................................11

**Statutes**

Baltimore County Code Article 19 Police Department Sub-title 2 Section 19-1-102(a) ..................................................................................................................................12

Baltimore County Code Article IV Section 402 (d)(6) ................................................12

Maryland State Government Article 12 Section 12-104 ..............................................16

Maryland Tort Claims Act, State Government Article 12 ..............................................4

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES
### Pursuant to the Maryland Tort Claims Act

Vince's Crab House, Inc. (singularly "Plaintiff" or "VCH" or the "Business") Brenda L. Meyer (singularly "Plaintiff Brenda L. Meyer") and Vincent T. Meyer (singularly "Plaintiff Vincent T. Meyer") (Vince's Crab House, Inc. Brenda L. Meyer and Vincent T. Meyer collectively "Plaintiffs"), Plaintiffs, by their attorneys, Linda M. Brown and Wayne C. Markey, Law Offices of Linda M. Brown, sues the Baltimore County Executive John A. Olszewski Jr. (singularly "Defendant Olszewski"), Baltimore County (singularly "Defendant Baltimore County") and Chief of Police Melissa R. Hyatt (singularly "Defendant Hyatt") (collectively John A. Olszewski Jr., Baltimore County and Chief of Police Melissa R. Hyatt "Defendants"), and states:

## I.    Statement of the Case

1.    Plaintiffs, pursuant to the Maryland Tort Claims Act, State Government Article 12, brings this civil action seeking damages and a temporary and permanent injunction to compel Defendants to perform their statutory and constitutional duties for enforcing the public safety laws for Baltimore County, Maryland. Plaintiffs are property owners, and small business owners in the Middle River business area that have been harmed by out of control protestors.

2.    This litigation is not about Plaintiff's agreement or disagreement with the inspiration for the protestors, or the viewpoints expressed by the people occupying that area. Instead, it is about the Baltimore County's active, knowing endorsement and support of a destructive occupation of a small Middle River business to the detriment of the well-being of those who own, patronize, and work in the small business.

3.    Upon information and belief Plaintiffs assert that the Baltimore County Police have been ordered to stand down and not to engage the protestors or to make arrests against the protestors. Plaintiff Brenda Meyer believes such an order was issued after the Plaintiffs asked the officers for help. Plaintiff Brenda Meyer stated that

*"The officers have told me on numerous occasions that they're doing what they are allowed to do."* According to Plaintiff Brenda Meyer *"I asked if they are on 'stand down,' and they said "yes".* Plaintiffs assert that the stand down order amounts to a command order not to engage the protestors for any reason.

4.      Brenda's son Vincent Meyer II drew the ire of protesters for Mr. Meyer's comments on Facebook made many years earlier, expressing opinions deemed racist by the protestors.

5.      Vincent Meyer II comments were circulated widely online. In the days and weeks afterward, Plaintiffs asserts, they were harassed and intimidated by protesters while police simply observed but failed to enforce the law.

6.      "It's time the law is enforced," Plaintiff Brenda Meyer said. "It's time for us to walk outside our own business without being yelled and screamed at... it's time for our customers to feel safe."

7.      The Plaintiffs have spent more than $40,000 to hire private security guards. Plaintiffs have been followed to their personal residences, received telephone calls in the middle of the night, and received death threats. Plaintiff Vincent T. Meyer's Social Security number was posted online.

8.      Violent and mayhem seen in our large cities across the United States results from our elected leaders failing to enforce the public safety laws because such elected leaders are sympathetic to the political message being expressed by the mob protestors.  This is clearly illegal and must stop.

## II.      Parties

9.      Vince's Crab House, Inc. and majority owners Plaintiff Vincent T. Meyer and Plaintiff Brenda L. Meyer operate a crab retail store and restaurant facility in Baltimore County located at 610 Compass Road, Middle River Maryland 21220. Plaintiffs are property owners, and small business owners in the Middle River business area that have been harmed by out of control protestors. Without an injunction restraining Baltimore County from continuing its policies of supporting and enabling the occupation of the business operating area, each of the Plaintiffs will continue to suffer

irreparable harm, by, among other things, being subject to acts of violence, harassment, trespass and vandalism; denial of access to their property; loss of police protection and public services, including trash, medical, and fire services; loss of business revenue; loss of the use of public streets, sidewalks, and other facilities near or adjacent to their property, or premises; reduction in property value and business value; destruction of property; and other economic and non-economic injuries.

10.     Baltimore County, Maryland (Defendant) is a local government which is organized and operates as a chartered form of government with offices located at the Historic Courthouse 400 Washington Avenue Towson, Maryland 21204.  Baltimore County, Maryland is the local government entity charged with keeping and enforcing the public safety laws.

11.     John A. Olszewski Jr. (Defendant) is the current county executive responsible for the health, safety and welfare for Baltimore County residents and small business owners.

12.     John A. Olszewski Jr. is the Baltimore County Executive who is charged with enforcing the public safety laws for Baltimore County.  Defendant Olszewski is charged with keeping public safety within Baltimore County.  In the current situation the Defendant Olszewski is the public official that has a dear duty to perform a particular act, the enforcement of the public safety laws.

13.     Chief of Police Melissa R. Hyatt is the Baltimore County chief law enforcement officer who is charged with enforcing the public safety laws for Baltimore County.  In the current situation the chief law enforcement officer is the public official that has a dear duty to perform a particular act, the enforcement of the public safety laws.  Based upon information and belief the policies and procedures command decisions are issued by Defendant Hyatt to the Baltimore County police patrol officers.

14.     Working together and as a team Defendants are charged with enforcing the public safety laws within Baltimore County and including the Business operating area.

### III.    Statement of Facts

15.    The owners of Vince's Crab House and others have repeatedly pleaded with local officials and others to cease enabling the destruction of their property and the imminent dangers posed to them and their neighborhood. But the Defendants have not listened, or have not cared, and thus Plaintiffs have had to resort to litigation to make themselves heard.

16.    From the inception of the protests on 6 June 2020 until 1 July 2020 Baltimore County Police had approximately from one to three police patrol cars for the 26 day period daily at the location of the protests observing the out of control protestors but failed to make any arrests, write any police reports or issue any citations for illegal activity.

17.    The property owners, businesses, and residents in the area suffer ever-increasing property damage and economic loss every day the protestors exist in their commercial district, all because of the Baltimore County's active support, encouragement, and endorsement of the occupation. In particular, Baltimore County Executive John A. Olszewski Jr. has provided the protestors with not just tangible resources but also a de facto stamp of approval. His interviews and other statements have made it clear that Baltimore County is fully aware of what is happening, has no plan or timeline for remedying the ongoing harm, and in fact views the occupation of Middle River site as something akin to a perpetual block party.

18.    In the days and weeks after the County abandoned the Middle River business operating area, the protestors have occupied the public streets, sidewalks, and parks in the area at all hours of the day and night. Rather than seeking to restore order and protect the residents and property owners within Middle River area, the County instead chose to actively endorse, enable, and participate in the occupation of the Middle River business operating area.

19.    In particular, the protestors have trespassed onto the property of Vince's Crab House and harassed customers at the entrance. The protestors opened the door to Vince's Crab House and yelled at customers, employees and family. The protestors

followed customers to their vehicles, yelled at them calling them racist and yelled that they are raising their children as racist.

20.     The protestors in statements and interviews have stated that their final goal and objective is to destroy and terminate the operations of the Business. The protestors have opening declared to the Plaintiffs that they will not leave until there is a For Sale Sign on their door.

21.     That the Plaintiffs were forced to hire private security to protect themselves, their family members, customers, employees and vendors.

22.     That the Baltimore County Police Department was ordered to "stand down" effectively meaning that they were prohibited from enforcing the law.

23.     That the protestors entered private property and harassed and threatened vendors causing some vendors to refuse delivery of necessary food and supplies.

24.     That the protestors stalked the Plaintiffs Vince and Brenda Meyer by following them home with the knowledge of the Baltimore County Police.   The Baltimore County Police did nothing.

25.     That the Plaintiffs were forced to tint the windows of their establishment to protect themselves, their employees and customers from harassment.

26.     That the Baltimore County Police ignored an attempted physical attack upon the Plaintiffs' daughter.

27.     That the Plaintiffs' daughter was forced to obtain a court approved protective order which the Baltimore County Policy Department refused to enforce.

28.     That the Baltimore County Police observed crimes including assaults and refused to charge the perpetrators.

## IV.     Statement of Jurisdiction

29.     The Circuit Court for Baltimore County has jurisdiction for this civil action under the Maryland Code Courts and Judicial Proceedings Title 6 Subtitle 2 Venue Section 6-201 because the Plaintiffs carry on a regular business in Baltimore County

located at 610 Compass Road, Middle River, Maryland 21220. Jurisdiction is premised upon the fact that the relief requested consists of equitable remedies which is not relief which can granted by the District Court for Baltimore County of the State of Maryland. Further, this Court has personal jurisdiction over Defendants on the grounds that Defendants conduct or transact governmental services in Baltimore County, Maryland and Defendants have purposefully availed themselves of the jurisdiction of this Court by maintaining governmental office operations at Towson in the State of Maryland.

## V.   Questions Presented

30.    Whether it is a dereliction of public safety duty when the Baltimore County Maryland Police observe mob protestors harassing and intimidating patrons of a small business with threats of violence, but the police make no arrests, write any police reports or issue any citations for assault and battery?

31.    Whether it is a dereliction of public safety duty when the Baltimore County Maryland Police observe mob protestors, after having been warned by the police to stay behind this boundary line for protesting, perform a criminal trespass with the stated purpose of harassing and intimidating the owners of a small business, but the police make no arrests, write any police reports or issue any citations for criminal trespass?

32.    Whether it is a dereliction of public safety duty when the Baltimore County Maryland Police  observe mob protestors, after having been warned by the police, engage in disorderly conduct by harassing and intimidating the suppliers and vendors of a small business, but the police make no arrests, write any police reports or issue any citations for disorderly conduct?

33.    Whether it is a dereliction of public safety duty when the Baltimore County Maryland Police observe mob protestors, after having been warned by the police, directly disobey a warning by the police officer for a particular illegal act, but the police

make no arrests, write any police reports or issue any citations for disobeying a direct order from a police officer?

## VI.   Argument

A.   Legal Standards for the Complaint.

### 1.   Motion to Dismiss

34.   To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court must accept as true the well-pleaded factual allegations in a complaint, the Court is not required to accept conclusory factual allegations or legal conclusions disguised as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). Nor is the Court required to accept allegations that "'contradict matters properly subject to judicial notice or by exhibit.'" *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). Rather, the complaint must contain direct and plausible allegations respecting all material elements necessary to sustain recovery under a viable legal theory. *Twombly*, 550 U.S. at 570. Plaintiffs' claims under the facts alleged in this Complaint will survive a motion to dismiss under this familiar standard.

### 2.   Preliminary Injunction

35.   A plaintiff seeking preliminary relief must demonstrate "'that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Di Biase v. SPX Corp.*, 872 F.3d 224,

230 (4th Cir. 2017) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

36.     Also, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, (2008). "The standard for a temporary restraining order is the same as a preliminary injunction." Maages Auditorium v. Prince George's Cty., Md., 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), aff'd, 681 F. App'x 256 (4th Cir. 2017); see Fed. R. Civ. P. 65.  In the Statement of Facts of this complaint Plaintiffs have provided overwhelming evidence to establish compliance with each of the required elements for the issuance of the preliminary injunction.

37.     In 1919, Supreme Court ruled in **_Schenck v. U.S._** (249 U.S. 47) that the First Amendment does not protect the speech that creates a "clear and present danger" (such as "shouting fire in a theatre").

38.     In its 1942 decision in Chaplinsky v. New Hampshire (315 U.S. 568), the Supreme Court ruled that speech that incites violence or directly encourages others to commit a crime ("fighting words") is a threat to the public safety and is therefore not protected by the First Amendment.


B.      Count I—Argument--The Injunction Should Be Issued and the Compensatory Damages Paid to Plaintiffs. --Protestors Threatening Public Safety and the County's Failure to Enforce the Public Safety Laws.


39.     A disturbing trend is developing in big cities across the United States and within Baltimore County that public officials are allowing the mob protestors to operate with immunity from the public safety laws.  As further evidence of Plaintiff's assertions and by way of comparison the business operations for the Plaintiff's seafood store located in Harford County is unaffected by the protests because the Harford County

sheriff's office has enforced the public safety laws from inception of the planned protests (emphasis added).   Based upon information and belief Plaintiffs assert that Defendants sympathize and agree with the political message of the protestors which therefore justifies the failure to enforce the public safety laws for Baltimore County. The Defendants have in effect given the protestors "space to destroy".   Furthermore, the county executive does not want to alienate his voter base.   For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the reduction of its business value (expenses for security).

40.    The enforcement of the public safety laws is solely within the power and authority of Defendants; thus, no adequate remedy exists by which Plaintiffs rights can be resolved.   Under the Baltimore County Code Article IV Section 402 (d)(6) the county executive duties include "*To see that the laws of the state pertaining to the affairs, good order and government of the county, and the acts, resolutions, ordinances and public local laws of the county are duly executed and enforced within the county*".   In this regard Plaintiff Brenda Meyer responded that "*The officers have told me on numerous occasions that they're doing what they are allowed to do.*"   According to Plaintiff Brenda Meyer "*I asked if they are on 'stand down,' and they said "yes".*   For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value, expenses, reputation to community.

41.    Under the Baltimore County Code Article 19 Police Department Sub-title 2 Section 19-1-102(a) it provides that *"Powers and duties. A police officer is a peace officer who has the same powers, with respect to criminal and civil matters and the enforcement of related laws, as the powers possessed by sheriffs, constables, police, and peace officers at common law and by statute or ordinance."*   Plaintiffs argue that under the facts of this situation the duty of a police officer as a peace officer has been extinguished under a not to engage order given by officials in the chain of command.   For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the reduction of its business value.

42.     It is a staggering contradiction for the Defendants to enforce the public safety executive orders for the COV-19 pandemic, but fail to enforce the public safety laws for the operations for the Business under the current circumstances.  Enforcing the public safety laws is of paramount importance to the public interest.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

43.     On or about 6 June 2020 a group of protestors numbering approximately 300 protestors showed up at the business address of Vince's Crab House and began protesting and threatening the owners, customers, vendors and other family members of the Business with physical violence on the Business private property.  Despite demands from the Plaintiffs, Baltimore County Maryland police did nothing.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

44.     Plaintiffs have called the Baltimore County police on numerous occasions when the protestors have made threats of violence.  Upon arrival to the Business address, the Baltimore County police failed to enforce the public safety laws and did nothing but observe. When the police officers questioned by the owners of VCH responded *"We have orders to stand down."*  Plaintiffs assert that on ten separate instances Baltimore County police officers have told Plaintiffs that the Police have orders to stand down.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

45.     As a direct result of Defendants not performing their duty in enforcing the public safety laws for keeping the peace Plaintiffs have expended sums totaling $40,000 for private security protection.  The Business has been paying its taxes for last twenty years.  It is an outrage to pay taxes to Baltimore County, but receive no public safety protection.   For these reasons the preliminary injunction should be

granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

46.     Since the day that the County abandoned the Business operating area, the County has had full knowledge of the problems created for businesses and residents in and around the Business operating area, including property damage, lack of police response, the inability for workers and residents to enter and leave the area, the inability for businesses to receive deliveries, and other adverse impacts on residents, businesses, and property owners in the area. The County has nevertheless adopted a policy supporting the protestor's occupation, acting with deliberate indifference toward those suffering harms from it.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

47.     The protestors have frequently blocked access to the Avenue side of the place of business building, where the crab business maintains a loading dock for receiving and shipping. The crab business must receive deliveries on an ongoing basis in order to maintain its business as well as make shipment of its products. VCH ability to use its loading dock is substantially impeded, as the Avenue access has frequently been blocked by barricades, participants engaged in intimidation tactics, or other activities. Some delivery drivers have reported to the owners of the Business that they will not even attempt delivery to their building, because it is unsafe. Several delivery drivers who have attempted delivery have been stopped and accosted by the protestors.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

48.     Unable to timely supply its customers, the crab business will permanently lose its customers unless public safety and regular access on public streets is promptly restored. The County's support of the protestors is putting the Business at risk, as well as the livelihood of it is over 70 employees.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

49.     Defendants have a clear duty to provide public safety under the circumstances but have failed to enforce the public safety laws.  Defendants have refused to enforce the public safety laws mainly for political purposes.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

50.     If elected leaders do not enforce the public safety laws then the government should compensate the tax paying business for the consequences of their actions.  It is a staggering contradiction for the Business in this dispute to pay property, income, sales and personal property taxes to Baltimore County Maryland, but fail to receive any law and order to protect the operations of the Business.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

51.     The principal duty of government to is to provide public safety for its citizens.  Without the rule of law being enforced, then vigilante law results from law abiding private citizens.  Plaintiffs assert that the police officer's observation decision making powers leading to issuing citations and arrests for illegal activity has been taken away from the police officer by the command leaders through a not to engage order as it pertains to the mob protestors.  For these reasons the preliminary injunction should be granted to Plaintiffs and compensatory damages paid to the Plaintiffs for the loss of business and reduction of its business value.

## VII. Conclusion

52.     Plaintiffs have met their burden indicating that the application of the existing facts to the legal standard for the issuance of the preliminary injunction requires this Court to issue the preliminary injunction under the circumstances.

53.     Plaintiffs are requesting an emergency hearing for the issuance of the preliminary injunction because the illegal conduct of the protestors on the operations of the seafood business has and continues to be devastating to the existence of the Business.

54.    That as a direct result of the protestors illegal actions, Plaintiffs have suffered and are suffering irreparable injury by being prohibited from engaging in their constitutionally and statutorily protected rights of operating their small business.

55.    Plaintiffs have no adequate remedy at law to correct the continuing deprivation of its most cherished liberties, the ability to operate their small business.

## VIII. Prayer for Relief

**WHEREFORE,** Plaintiffs pray for relief as follows:

1.    That the Court issue a preliminary injunction pending trial ordering Defendants and all Baltimore County officers, agents, employees, and attorneys, police officers and all other local authorities or their agents, or persons in active concert or participation with any of them to enforce the public safety laws so that the Business can operate without the threat of violence and intimidation.

2.    That the Court issue a permanent injunction after trial ordering Defendants and all Baltimore County officers, agents, employees, and attorneys, police officers and all other local authorities or their agents, or persons in active concert or participation with any of them to enforce the public safety laws so that the Business can operate without the threat of violence and intimidation.

3.    That the Court award Plaintiffs damages totaling $400,000 in accordance with Maryland State Government Article 12 Section 12-104 for dereliction of duty for enforcing the public safety laws of Baltimore County, Maryland.

4.    That the Court adjudge, decree, and declare the rights and other legal relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment.

5.    That the Court retain jurisdiction over the matter for the purposes of enforcing the Court's order.

6.    That the Court declare Plaintiffs are prevailing parties and award Plaintiffs the reasonable costs and expenses of this action, including, a reasonable attorney's fee, in accordance with the Maryland Tort Claims Act.

7.     That the Court grant such other and further relief as the Court deems equitable and just under the circumstances.

Law Offices of Linda M. Brown, LLC

_Wayne C. Marky_

Wayne C. Markey, Esq.
CPF 8612010335
Law Offices of Linda M. Brown
14405 Laurel Place, Suite 316.
Laurel Maryland 20707
Telephone : (240) -264-6087
Email : wayne.markey@wcmarkey.com

_Linda_

Linda M. Brown, Esq.
CPF 8912180080
Law Offices of Linda M. Brown
14405 Laurel Place, Suite 316.
Laurel Maryland 20707
Telephone : (240) -264-6087
Email : linda@lindabrownlawoffice.com

*Attorneys for the Plaintiffs*

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury of all issues so triable pursuant to the Rule 2-325 of the Maryland Rules of Civil Procedure.

***Notice and Demand Letter***

*In accordance with the Maryland Tort Claims Act a demand letter dated 26 June 2020 was sent to Baltimore County and the County Executive by Plaintiffs legal counsel and Defendants responded by denying any liability (see attachment to this Complaint).*

## VERIFICATION

I, Brenda L. Meyers, individually as a tax paying citizen of the state of Maryland and as a duly elected corporate officer of Vince's Crab House, Inc., declare as follows:

    I.    I am an adult competent to testify to the matters stated herein.

    2.    I have read the foregoing Verified Complaint for Damages and Injunctive Relief, and, based upon my personal knowledge of the facts stated therein, the facts stated in the Verified Complaint are true to the best of my knowledge and belief.

    3.    If called upon to testify, I would competently testify as to the matters stated here in.

    4.    Due to the restrictions on personal travel in Governor Hogan's Executive Order, I am unable to meet in person with a notary to verify this Complaint.

    5.    Accordingly, pursuant to Maryland Civil Procedure Rules, I declare under penalty of perjury that the foregoing is true and correct.

_____

Brenda L. Meyer
Dated: July 10, 2020

## VERIFICATION

I, Vincent T. Meyers, individually as a tax paying citizen of the state of Maryland and as a duly elected corporate officer of Vince's Crab House, Inc., declare as follows:

1.   I am an adult competent to testify to the matters stated herein.

2.   I have read the foregoing Verified Complaint for Damages and Injunctive Relief, and, based upon my personal knowledge of the facts stated therein, the facts stated in the Verified Complaint are true to the best of my knowledge and belief.

3.   If called upon to testify, I would competently testify as to the matters stated here in.

4.   Due to the restrictions on personal travel in Governor Hogan's Executive Order, I am unable to meet in person with a notary to verify this Complaint.

5.   Accordingly, pursuant to Maryland Civil Procedure Rules, I declare under penalty of perjury that the foregoing is true and correct.

_Vincent T Meyer_

Vincent T. Meyer

Dated: July 10, 2020

ATTACHMENTS TO COMPLAINT

THE LAW OFFICE OF

# LINDA M. BROWN

14405 LAUREL PLACE, SUITE 316
LAUREL, MARYLAND 20707
(240) 264-6087
(240) 294-6041 (FAX)
Email: linda@lindabrownlawoffice.com
www.lindabrownlawoffice.com

Licensed in MD and DC

June 26, 2020

**VIA PERSONAL DELIVERY**

James R. Benjamin, Jr.
County Attorney
Baltimore County Government
400 Washington Avenue
Towson, Maryland 21204

RE: Vince Meyer and Brenda Meyer personally, and Vince's Crab House Inc.
DBA as Vince's Crab House

Maryland Tort Claims Act--**Notice of Claim pursuant to Courts and
Judicial   Proceedings §5-304**

Dear Mr. Benjamin:

Please accept this letter as my clients' notice of claim under the Maryland Tort Claims
Act before litigation is undertaken.  Please be advised that my firm represents Vince's Crab
House Inc. DBA as Vince's Crab House and Mr. Vince Meyer and Mrs. Brenda Meyer
personally.   Vince's Crab House hereby allege as follows:

Time Period of Claim:        June 6, 2020 and is ongoing

Place of Claim:        Vince's Crab House, 610 Compass Road, Middle River,
Maryland 21220

Demand and Damages from Claim:  $400,000.

County of Claim:        Baltimore County

Page 2

Description of the Incident: My clients are asserting a claim for the failure of the Baltimore
    County Police to provide public safety protection to my clients, their employees, vendors
    and customers from violent protestors.   The County's decision has subjected their
    business, employees, customers and vendors to extensive property damage, public
    safety dangers, and an inability to use and access their business property.

Very truly yours,

Linda M. Brown

LMB/mm
Cc: John A. Olszewski Jr. County Executive, via personal delivery



JOHN A. OLSZEWSKI, JR.
*County Executive*

JAMES R. BENJAMIN, JR., *County Attorney*
*Office of Law*

June 30, 2020

Linda M. Brown, Esquire
14405 Laurel Place, Suite 316
Laurel, Maryland 20707

Re:   Your Client:   Vince Meyer and Brenda Meyer, personally, and
                     Vince's Crab House, Inc. DBA Vince's Crab House
        Date of Incident:   June 6, 2020 to Present

Dear Ms. Brown:

I am writing to acknowledge receipt of your letter dated June 26, 2020, regarding the above-referenced matter.

Please be advised that this is a claim for which Baltimore County denies any liability. However, you may submit any relevant documents or other materials to the Liability Claims Department, Room 202, 105 West Chesapeake Avenue, Towson, Maryland 21204; telephone: (410) 887-8400.

If you have any questions concerning this matter, please contact the Liability Claims Department at the address and telephone number shown above.

Sincerely,

*Gregory E. Gaskins*

Gregory E. Gaskins
Deputy County Attorney

GEG:dlm
cc:   Liability Claims Department

JUL 0 2 2022



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**
401 Bosley Avenue, P.O. Box 6754
Towson, MD 21285-6754

Main: 410-887-2601
Fax: 410-887-3062

To:   LINDA M BROWN
      14405 LAUREL PLACE
      SUITE 316
      LAUREL MD 20707

Case Number:                          C-03-CV-20-002735
Other Reference Number(s):

**VINCE'S CRAB HOUSE, INC. VS. JOHN OLSZEWSKI, JR , ET AL.**

Date: 7/13/2020

### MDEC DEFICIENCY NOTICE
### Md. Rules Title 20

To **Linda Brown**: This is to notify you that you have a deficiency in your filing. **Pursuant to Maryland Rule 20-203(d)(2) the court will strike the submission unless the deficiency is corrected or withdrawn within 14 days or the court orders otherwise. Please make the correction indicated below and re-file or withdraw the submission within 14 days. The deficient submission file name/s and date of filing are:  Complaint for Preliminary and Permanent Injunctive Relief and Damages 07/10/20.**

☐   In any one case multiple submissions (including proposed orders) must be submitted in the same envelope as separate PDF files. Please resubmit the filings as separate submissions in the same envelope. (See Rule 20-201(e).)

☐   The submission is illegible or scanned with an incorrect orientation (e.g. upside down, sideways, blurry, and blank pages).

☐   PDF file names must relate to the title of the submission. (See Rule 20-201(i).) If an exhibit to a submission is filed, the submission and the PDF file name should accurately refer to the submission to which they relate. (e.g. Ex 1 Pl MSJ) When the exhibit is an affidavit or other testimony, the file name must identify the affiant or witness (e.g. Affidavit of John Doe).

☐   The exhibit(s) are not identified using the drop-down menu provided.

☐   The submission may not be filed electronically. (See Rule 20-106(c)(2).)

☐   The submission does not include the filer's signature (the signer's typewritten name accompanied by a visual image of the signer's handwritten signature or by the symbol /s/) as required by Rule 20-107(a)(1).

☐   The submission does not have the filer's address, e-mail address, telephone number or the attorney's Client Protection Fund ID Number as required by Rule 20-107(a)(2).

☐   The submission requires a signature under oath, affirmation, or with verification and is not hand-signed and scanned. (See Rule 20-107(d).)

☐   The submission does not comply with the policies and procedures adopted and published by the State Court Administrator pursuant to Rule 20-103(b)(1) because

☐   The submission contains restricted information and a redacted copy of the submission was not provided as required by Rule 20-201(h)(2).

Case Number: C-03-CV-20-002735

Other Reference Number(s):

☐ The proposed order, not submitted on a combined motion & order form issued by the judiciary, was not submitted as a separate document, identified as a proposed order, or identified as relating to the motion or other request for court action to which the order pertains.  (See Rule 20-201(k).)

☐ The filing code does not appear to be correct and the correct code is not apparent.

☐ The filing does not appear to relate to the actual case in which it was filed.

☐ The State Court Administrator requirements for requesting sheriff, constable or certified mail service in the District Court have not been met (e.g. includes improper fee multiplier).

☒ The party's name is not an identical reference to the name of each party (spelling, first name, middle name(s), last name(s), initial(s), and other identifiers) as required wherever that party's name referred to in writing/electronically, including but not limited to: in the pleading or other submission, party field, or File and Serve.  Need to add all parties in to File & Serve

☐ The filing location is incorrect.

☐ The filing is missing required filing submission (e.g. a default judgment is without a non-military affidavit).

☐ Other

**To resubmit the submission(s), please re-file in a different envelope within 14 days of this notice and under comments state that you are filing to correct the Deficiency Notice filed on 7/13/2020 with envelope 5703355.**

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

**NOTE:** You must submit a motion and have it granted by a judge to receive a refund of any fees associated with the filing.

## ORDER STRIKING DEFICIENT SUBMISSION(S)

The above deficiency notice has not been corrected within the required 14 days.  The court has not issued an order related to the deficiency.  Per Rule 20-203(d)(2), the deficient submission(s) is/are stricken.

_____          _____
            Date                                    Judge

cc:    Vince's Crab House, Inc.

        Linda M Brown
        Wayne C  Markey



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD  21285-6754

Main: 410-887-2601
Fax: 410-887-3062

**To:** BALTIMORE COUNTY GOVERNMENT C/O JAMES R. BENJAMIN JR.
400 WASHINGTON AVENUE
TOWSON, MD 21204

Case Number:     C-03-CV-20-002735
Other Reference Number(s):

**VINCE'S CRAB HOUSE, INC., ET AL. VS. JOHN OLSZEWSKI, JR., ET AL.**

Issue Date: 7/13/2020

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

VINCE'S CRAB HOUSE, INC.
No Known Address

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

e's Crab House, Inc., et al. vs. John Olszewski, Jr., et al.                    Case Number: C-03-CV-20-002735

## SHERIFF'S RETURN
Circuit Court for Baltimore County

Sheriff fee: _____        By: _____

Served: _____

Time: _____        Date: _____

With the following:

☐ Summons                              ☐ Counter Complaint
☐ Complaint                            ☐ Domestic Case Information Report
☐ Motions                              ☐ Financial Statement
☐ Petition and Show Cause Order        ☐ Other

_____
Please specify

Was unable to serve because:

☐ Moved left no forwarding address     ☐ No such address
☐ Address not in jurisdiction          ☐ Other

_____
Please specify

Sheriff fee: $ _____        _____
Serving Sheriff's Signature & Date

Instructions to Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).



**CIRCUIT COURT FOR BALTIMORE COUNTY,
MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD  21285-6754

Main: 410-887-2601
Fax: 410-887-3062

**To:** JOHN A. OLSZEWSKI, JR.
COUNTY EXECUTIVE FOR BALTIMORE COUNTY
400 WASHINGTON AVENUE MAILSTOP 2M01A
HISTORIC COURTHOUSE
TOWSON, MD 21204

|  |  |
|---|---|
| **Case Number:** | C-03-CV-20-002735 |
| **Other Reference Number(s):** |  |

**VINCE'S CRAB HOUSE, INC., ET AL. VS. JOHN OLSZEWSKI, JR., ET AL.**

Issue Date: 7/13/2020

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

VINCE'S CRAB HOUSE, INC.
No Known Address

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Vince's Crab House, Inc., et al. vs. John Olszewski, Jr., et al.                    Case Number: C-03-CV-20-002735

## SHERIFF'S RETURN
Circuit Court for Baltimore County

Sheriff fee: _____   By: _____

Served: _____

Time: _____   Date: _____

With the following:

☐ Summons                          ☐ Counter Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions                          ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Other _____
                                              Please specify

Was unable to serve because:

☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction         ☐ Other _____
                                                 Please specify

Sheriff fee: $ _____    _____
                                            Serving Sheriff's Signature & Date

Instructions to Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).



**CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**

401 Bosley Avenue, P.O. Box 6754
Towson, MD  21285-6754

Main: 410-887-2601
Fax: 410-887-3062

**To:**  MELISSA R. HYATT
BALTIMORE COUNTY POLICE DEPARTMENT
PUBLIC SAFETY BUILDING 700 EAST JOPPA ROAD
TOWSON, MD 21286

Case Number:                C-03-CV-20-002735
Other Reference Number(s):

**VINCE'S CRAB HOUSE, INC., ET AL. VS. JOHN OLSZEWSKI, JR., ET AL.**

Issue Date: 7/13/2020

## WRIT OF SUMMONS

     You are hereby summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

VINCE'S CRAB HOUSE, INC.
No Known Address

This summons is effective for service only if served within 60 days after the date it is issued.

*Julie L. Ensor*

Julie L. Ensor
Clerk of the Circuit Court

To the person summoned:
    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

Vince's Crab House, Inc., et al. vs. John Olszewski, Jr., et al.          Case Number: C-03-CV-20-002735

## SHERIFF'S RETURN
Circuit Court for Baltimore County

Sheriff fee: _____     By: _____

Served: _____

Time: _____     Date: _____

With the following:

☐ Summons                              ☐ Counter Complaint
☐ Complaint                            ☐ Domestic Case Information Report
☐ Motions                              ☐ Financial Statement
☐ Petition and Show Cause Order        ☐ Other
_____
                                              Please specify

Was unable to serve because:

☐ Moved left no forwarding address     ☐ No such address
☐ Address not in jurisdiction          ☐ Other
_____
                                              Please specify

Sheriff fee: $ _____     _____
                                              Serving Sheriff's Signature & Date

Instructions to Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Baltimore County Circuit Court
Docket: 7/16/2020 1:17 PM; Submission: 7/16/2020 1:17 PM

# BALTIMORE COUNTY CIRCUIT COURT MARYLAND
## Case Number: C-03-CV-20-002735

Plaintiff                                   vs.                                   Defendant
Vince's Crab House Inc                                                John A. Olszewski Jr., et al

# Affidavit of Service

I certify that I accepted the documents for service on 7/16/2020 that was issued by the court on 7/13/2020, and that I served at 2:00 PM on 7/14/2020 at the location of 400 Washington Avenue, Towson MD 21204 did personally deliver a copy of the following documents to:

### John A. Olszewski Jr. - County Executive for Baltimore County

**Documents:** Writ of Summons and Complaint

which was/were previously filed with this court.

Service was made in the following manner:

By **Substituted** service of the above listed documents addressed to the Defendant at the business address listed above by serving **Dawn Kile - Administrative Assistant** authorized to accept on behalf of the Defendant.

Age: 28 Race: White Sex: Male Height: 5'5" Weight: 140 Hair: Brown

I hereby certify that I am over eighteen (18) years of age and I am not the Plaintiff, Defendant or any party related to this action before the court.

**I SOLEMNLY AFFIRM** under the penalties of perjury the the contents of the foregoing paper are true and to the best of my knowledge, information and belief.

Anthony DiMario - Process Server
RCI International Process Service and Investigations
7476G Ridge Road
Hanover, MD 21076
(410) 693-8992
admin@rci-process.com

Cost for Service: 45.00
7/16/2020

E-FILED; Baltimore County Circuit Court
Docket: 7/16/2020 1:17 PM; Submission: 7/16/2020 1:17 PM

# BALTIMORE COUNTY CIRCUIT COURT MARYLAND
## Case Number: C-03-CV-20-002735

**Plaintiff**                             vs.                             **Defendant**
Vince's Crab House Inc                                               John A. Olszewski Jr., et al

# Affidavit of Service

I certify that I accepted the documents for service on 7/16/2020 that was issued by the court on 7/13/2020, and that I served at 2:30 PM on 7/14/2020 at the location of 700 East Joppa Road, Towson MD 21286 did personally deliver a copy of the following documents to:

### Melissa R. Hyatt - Baltimore County Police Department

**Documents: Writ of Summons and Complaint**
which was/were previously filed with this court.

Service was made in the following manner:

By **Substituted** service of the above listed documents addressed to the Defendant at the business address listed above by serving **Melissa Garrett - Legal Department Supervisor,** authorized to accept on behalf of the Defendant.

Age: 65 Race: White Sex: Male Height: 5'9" Weight: 175 Hair: Grey  Misc: glasses

I hereby certify that I am over eighteen (18) years of age and I am not the Plaintiff, Defendant or any party related to this action before the court.

**I SOLEMNLY AFFIRM** under the penalties of perjury the the contents of the foregoing paper are true and to the best of my knowledge, information and belief.

**Anthony DiMario - Process Server**
**RCI International Process Service and Investigations**
**7476G Ridge Road**
**Hanover, MD 21076**
**(410) 693-8992**
**admin@rci-process.com**

Cost for Service: 45.00
7/16/2020

E-FILED; Baltimore County Circuit Court
Docket: 7/16/2020 1:17 PM; Submission: 7/16/2020 1:17 PM

# BALTIMORE COUNTY CIRCUIT COURT MARYLAND
## Case Number: C-03-CV-20-002735

Plaintiff                                  vs.                              Defendant
Vince's Crab House Inc                                        John A. Olszewski Jr., et al

# Affidavit of Service

I certify that I accepted the documents for service on 7/16/2020 that was issued by the court on 7/13/2020, and that I served at 2:10 PM on 7/14/2020 at the location of 400 Washington Avenue, Towson MD 21204 did personally deliver a copy of the following documents to:

### James R. Benjamin Jr - County Attorney for Baltimore County

**Documents: Writ of Summons and Complaint**
which was/were previously filed with this court.

Service was made in the following manner:

By **Substituted** service of the above listed documents addressed to the Defendant at the business address listed above by serving **Brittney Johnson - Administrative Assistant,** authorized to accept on behalf of the Defendant.

Age: 29 Race: Black Sex: Male Height: 5'9" Weight: 160 Hair: Black

I hereby certify that I am over eighteen (18) years of age and I am not the Plaintiff, Defendant or any party related to this action before the court.

**I SOLEMNLY AFFIRM** under the penalties of perjury the the contents of the foregoing paper are true and to the best of my knowledge, information and belief.

Anthony DiMario - Process Server
RCI International Process Service and Investigations
7476G Ridge Road
Hanover, MD 21076
(410) 693-8992
admin@rci-process.com

Cost for Service: 45.00
7/16/2020

# STATE OF MARYLAND, BALTIMORE
# COUNTY, TO WIT:

I HEREBY CERTIFY THAT THE AFOREGOING IS A TRUE

PHOTOCOPY OF THE ORIGINAL

Case Information report filed
Complaint
Notice of deficiency
Summons
Affidavits of Service

TAKEN FROM THE RECORDS OF THE CIRCUIT COURT FOR

BALTIMORE COUNTY AS RECORDED IN CASE     C-03-CV-20-002735

IN TESTIMONY WHEREOF, I HERETO SET MY HAND
AND AFFIX THE SEAL OF THE CIRCUIT COURT FOR
BALTIMORE COUNTY THIS   29th   DAY OF    July      2020



_____

CLERK OF THE CIRCUIT COURT
FOR BALTIMORE COUNTY