IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCE'S CRAB HOUSE, INC, *et al.*,  *

    Plaintiffs,  *

v.  *

                                       CIVIL NO. JKB-20-2218

JOHN OLSZEWSKI, JR., *et al.*,  *

    Defendants.  *

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Now pending before the Court is Plaintiffs Vince's Crab House, Inc., Brenda Meyer, and Vincent Meyer's motion to remand. The motion is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Plaintiffs' motion.

### I. *Background*

On July 10, 2020, Plaintiffs filed suit in the Circuit Court for Baltimore County against Baltimore County, Baltimore County Executive John Olszewski, and Chief of Police of Baltimore County Melissa Hyatt (collectively, "Defendants"). (Compl., ECF No. 7.) The gravamen of the Complaint is that Defendants have allegedly failed "to perform their statutory and constitutional duties for enforcing the public safety laws for Baltimore County, Maryland" by allowing allegedly unlawful protests to disrupt Plaintiffs' business. (*Id.* ¶ 1.) Though the Complaint is rather light on substantive legal analysis, Plaintiffs specifically invoke the parts of the Baltimore County Code that establish the duties of the County Executive and Police Department (*id.* ¶¶ 40–41), and make it clear that they are seeking redress under the Maryland Tort Claims Act, Md. Code Ann., State

Gov't § 12-101 *et seq.*, for Defendants' alleged "dereliction" of those duties (*Id.* ¶¶ 30–33). The Complaint makes no reference to any substantive federal law.[1]

On July 22, 2020, counsel for Defendants sent Plaintiffs a letter demanding that the Complaint be withdrawn. (Benjamin Letter, ECF No. 1-2.) Defendants also made the following observation:

> [T]he Complaint identifies County Executive Olszewski and Chief Hyatt as being sued in their official capacities. Maryland law has not adopted the dichotomy that exists under 42 U.S.C. § 1983 between individual capacity claim and official capacity claims. Therefore, it is unclear on the face of the Complaint whether your clients purport to allege any federal cause of action for the alleged failure to protect Plaintiffs.

(*Id.*) On July 27, 2020, counsel for Plaintiffs replied with their own letter. (Brown Letter, ECF No 1-3.) Regarding Defendants' observation, Plaintiffs responded:

> You are correct our client has asserted a federal action under 42 USC § 1983 and will, if no political solution is obtained, amend the complaint to clarify that Plaintiffs are asserting a violation of their civil rights under 42 USC § 1983. To clarify, our case concerns alleged violations of the United States Constitution and of the Maryland Declaration of Rights in connection with the discharge of the Defendants' duties in enforcing the public safety laws for Baltimore County.

(*Id.*) Three days after receiving this response, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441, 1446. (Not. Removal, ECF No. 1.) Attaching Plaintiffs' letter as corroboration, Defendants asserted that the Complaint states a 42 U.S.C. § 1983 claim, and that this Court therefore has federal question jurisdiction over the dispute pursuant to 28 U.S.C. § 1331.

On August 5, 2020, Plaintiffs moved to remand, arguing that the Complaint does not state a § 1983 claim and that the Court therefore lacks jurisdiction. (Mot. Remand, ECF No. 14.) Plaintiffs challenge the admissibility of their letter and argue that regardless of what they may have

---

[1] Though Plaintiffs do reference the Defendants' alleged "constitutional" duties (*see* Compl. ¶¶ 1, 54), context indicates that Plaintiffs are referring to the Maryland Constitution rather than the U.S. Constitution, since it is the Maryland Constitution that establishes the authorities of the counties and their officers.

2

privately expressed to Defendants, the Complaint clearly does not present a federal question. Plaintiffs seek an award of attorney's fees as well. (*Id.* at 14.) Defendants oppose remand. (Opp'n, ECF No. 18.) They also alternatively argue that, if the Court does remand the action, then it should invoke the doctrine of judicial estoppel and hold that Plaintiffs are "forever barred" from amending the Complaint to state a § 1983 claim. (*Id.* at 13.)

## *II.  Legal Standards*

Under 28 U.S.C. § 1441(a), a civil action brought in state court may be removed to federal court if the action is one over which the federal court would have original jurisdiction. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine if an action arises under federal law, courts apply the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 231 (4th Cir. 1993) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If it is apparent from the face of the initial pleading that an action is removable, the defendant must file a notice of removal within 30 days of receiving of the pleading. *See* 28 U.S.C. § 1446(b)(1). If the complaint does not present grounds for removal, the defendant may file a notice of removal within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## *III.  Analysis*

This case presents an unusual situation. It is rare for a plaintiff to state so clearly that they have sued under federal law in an out-of-court correspondence, only to then argue so vehemently

3

that they have done nothing of the sort in a motion to remand. Though Plaintiffs' inconsistency creates the temptation to rule in Defendants' favor, after careful review of the Complaint and the relevant legal authorities the Court cannot find that it has jurisdiction over this dispute. As such, the motion to remand will be granted. No other relief will be granted to either party.

### A. *Motion to Remand*

On its face, the Complaint does not state a claim under federal law. Though the Complaint makes passing references to the federal legal construct of "official capacity," the only substantive rights and obligations Plaintiffs discuss arise out of Maryland law. The Complaint identifies the Maryland Tort Claims Act as the vehicle through which Plaintiffs seek redress (*id.* ¶ 1), and cites Baltimore County substantive law as establishing the public safety duties that Defendants allegedly failed to carry out (*id.* ¶¶ 40–41). Nowhere does the Complaint mention federal law or federal rights subject to enforcement under § 1983. As such, the Court cannot conclude that a federal question appears on the face of the Complaint.

The question facing the Court is thus whether Plaintiffs' letter, which clearly states that Plaintiffs "ha[ve] asserted a federal action under 42 USC § 1983" can be understood as functionally amending the Complaint to state such a claim. (Brown Letter.) Defendants argue that the letter, which is admissible for the purpose of determining jurisdiction, *see Bituminous Const. Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965 (4th Cir. 1987), does establish the Court's jurisdiction as an "other paper" under 28 U.S.C. § 1446(b)(3).

The Court disagrees. To be sure, in certain instances, receipt of a clarifying letter can be understood to notify a Defendant that an ambiguous pleading states a federal claim pursuant to § 1446(b)(3). *See Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) (finding that letter constituted "other paper" establishing diversity jurisdiction). However, typically "when

4

courts look to 'other paper' to ascertain removability, courts are clarifying that diversity jurisdiction has been established." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007). "Extrinsic documents will rarely, if ever, affect a federal court's subject matter jurisdiction in federal question cases because the jurisdictional inquiry is normally limited to the plaintiff's well-pleaded complaint." *Dougherty v. Cerra*, 987 F. Supp. 2d 721, 729 (S.D.W. Va. 2013). "For this reason, the 'other paper' doctrine has little application in federal question cases." *Id.* (citing *Eggert*, 223 F. App'x at 397).

The Court finds particularly instructive the decision of then-Magistrate Judge Gallagher of this District in *Blanding v. Bradley*, Civ. No. SAG-14-337, 2014 WL 1514675 (D. Md. Apr. 15, 2014). In that case, the defendant police officer removed a complaint stating only state law claims after receiving an interrogatory response which asserted violations of the U.S. Constitution. As here, the plaintiff moved to remand, arguing that his complaint did not present a federal question. After reviewing the relevant caselaw, Judge Gallagher concluded that "[d]ocuments that are extrinsic to the complaint are viewed as irrelevant in federal question cases[,]" and therefore the plaintiff's representations in his discovery response could not create a federal claim where none had been pled. *Id.* at *2–3 (compiling cases). Accordingly, Judge Gallagher found the court lacked jurisdiction and granted the motion to remand.

Here, as in *Blanding*, the Complaint does not state a claim under federal law, and there is no federal preemption issue justifying removal. *See Eggert*, 223 F. App'x at 397 (discussing preemption exception to well-pleaded complaint rule and explaining why it does not apply in § 1983 context). Further, in their motion to remand, Plaintiffs have thoroughly disclaimed the position that the Complaint states a § 1983 claim. As such, absent amendments to make the representations in Plaintiffs' letter a reality, the Court lacks jurisdiction and must remand.

### *B. Other Relief*

Though the Court finds remand is warranted, attorney's fees will not be granted. 28 U.S.C. § 1447(c) authorizes the Court to grant a plaintiff fees following remand but leaves the Court discretion whether to do so. *See Mirowski Family Ventures, LLC v. Bos. Sci. Corp.*, Civ. No. WDQ-13-2627, 2014 WL 2574615, at *7 (D. Md. June 5, 2014). Here, it would be an abuse of that discretion to grant Plaintiffs fees. The Court will refrain from speculating whether Plaintiffs' contradictory representations in their letter and motion to remand are the result of tactical reconsideration, a bluff gone awry, or worse. But there can be no doubt that whatever waste and delay has resulted from the attempted removal to federal court, it is as much Plaintiffs' responsibility as Defendants'. Defendants' speedy filing of a notice of removal upon receipt of what they reasonably understood to be a letter notifying them of Plaintiffs' federal claim cannot be called so incorrect as to warrant a penalty. Attorney's fees will therefore be denied.

The Court will also deny Defendants' request for an order declaring Plaintiffs judicially estopped from amending the Complaint to add a § 1983 claim. Defendants have provided no legal authority indicating that the Court has the power to issue such an order absent jurisdiction over the dispute, and the issue of estoppel is not yet ripe. However, the Court notes that if following remand Plaintiffs did attempt to amend their Complaint to add a § 1983 claim and the dispute ended up back before this Court, the Court would be inclined to consider sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, for the reason that the Plaintiffs have now disclaimed any intention to sue under § 1983.

### *IV. Conclusion*

For the foregoing reasons, an order shall enter granting Plaintiffs' motion to remand.

DATED this 16th day of September, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge